# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Kari Mathiason,**

        **Plaintiff,**

v.                                                                  Case No. 15-9914-JWL

**Aquinas Home Health Care, Inc.,**

        **Defendant.**

## **MEMORANDUM & ORDER**

On May 16, 2016, the court granted plaintiff's motion for default judgment and entered judgment for plaintiff in the total amount of $172,131.61. On June 6, 2016, defendant filed a motion to set aside the judgment, followed by an amended motion to set aside the judgment as well as a motion for stay of execution of the judgment pursuant to Federal Rule of Civil Procedure 62(b). In its motion to stay, defendant also asks the court to excuse defendant from posting a supersedeas bond. The court ordered expedited briefing on the motion for stay and that motion is ripe for resolution.

Federal Rule of Civil Procedure 62(b) provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: . . . (4) under Rule 60, for relief from a judgment or order." Rule 62(b), then, does not require a supersedeas bond but rather requires "appropriate terms for the opposing party's security." Plaintiff does not oppose a stay of execution so long as a bond is posted in the full amount of the judgment. Plaintiff does not seek the 25% increase set forth in the Local Rules of this District. *See* D. Kan. 62.2 ("A

supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."

The court, then, must determine whether a supersedeas bond is necessary to protect plaintiff's interest or whether "other appropriate terms" are sufficient to accomplish that task. In support of its motion, defendant relies in large part on this court's opinion in *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559 (D. Kan. 2004) in which the court set aside a default judgment after finding that the plaintiff failed to effect proper service on the defendant. According to defendant, this court, during the pendency of the motion to set aside, stayed the execution of the judgment and did not require the defendant to post a supersedeas bond. Defendant suggests that it has a meritorious argument to set aside the default judgment such that no bond should be required. The *Howard* case, however, is readily distinguishable from the facts here as the record in *Howard* does not reflect any dispute between the parties as to whether the court should require the posting of a bond. If anything, the order referenced by defendant suggests that the parties simply agreed to the stay without any discussion of securing that stay.

Relying on *Miami International Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986), defendant also suggests that the court should excuse defendant from posting a supersedeas bond because defendant simply cannot afford it and it has no knowledge of whether its insurer will post the bond on its behalf. According to defendant, "if Aquinas has to post the full amount of the bond plus an additional 25%, it could jeopardize Aquinas' ability to make payroll after June 17, 2016." In *Paynter*, the Circuit held that the district court did not err in granting a stay without a supersedeas bond for the full amount of the judgment where the judgment debtor

supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."

The court, then, must determine whether a supersedeas bond is necessary to protect plaintiff's interest or whether "other appropriate terms" are sufficient to accomplish that task. In support of its motion, defendant relies in large part on this court's opinion in *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559 (D. Kan. 2004) in which the court set aside a default judgment after finding that the plaintiff failed to effect proper service on the defendant. According to defendant, this court, during the pendency of the motion to set aside, stayed the execution of the judgment and did not require the defendant to post a supersedeas bond. Defendant suggests that it has a meritorious argument to set aside the default judgment such that no bond should be required. The *Howard* case, however, is readily distinguishable from the facts here as the record in *Howard* does not reflect any dispute between the parties as to whether the court should require the posting of a bond. If anything, the order referenced by defendant suggests that the parties simply agreed to the stay without any discussion of securing that stay.

Relying on *Miami International Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986), defendant also suggests that the court should excuse defendant from posting a supersedeas bond because defendant simply cannot afford it and it has no knowledge of whether its insurer will post the bond on its behalf. According to defendant, "if Aquinas has to post the full amount of the bond plus an additional 25%, it could jeopardize Aquinas' ability to make payroll after June 17, 2016." In *Paynter*, the Circuit held that the district court did not err in granting a stay without a supersedeas bond for the full amount of the judgment where the judgment debtor

posted a bond in the full amount of his malpractice insurance coverage ($500,000) and where the court found that the defendant "had no ability" to post the full amount and enjoined the defendant from transferring any assets. *Id*. at 871-72. The Circuit emphasized that a supersedeas bond should not "irreparably injure" the judgment debtor and that a reduced bond "would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered." *Id*. at 873.

Unlike the situation in *Paynter*, Aquinas does not indicate that posting the full amount of the judgment is impossible or that posting the full amount of the judgment will place it in insolvency—it simply states (albeit through an affidavit) that posting the amount of the judgment plus 25% would cause financial hardship. Because plaintiff is not requesting the 25% increase, defendant's stated difficulty with posting the 25% increase is not relevant. Aquinas does not speak to its ability to post a bond in the amount of the judgment. Moreover, the judgment debtor in *Paynter* posted a significant sum and yet Aquinas has not identified any amount that it would be willing to post to secure the stay. While Aquinas suggests an injunction precluding it from transferring its assets, the court is not persuaded that the injunction would adequately protect plaintiff's interest in the judgment—particularly in light of Aquinas's apparent concern that payment of the judgment will be difficult. *See id*. ("A full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable.").

In sum, the court finds that a supersedeas bond in the full amount of the judgment is necessary to protect plaintiff's interest in the judgment pending disposition of the motion to set

3

aside the default judgment—a motion that the court intends to resolve without delay once it is fully briefed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for stay of execution of the judgment (doc. 20) is granted in part and denied in part.  Defendant will be granted a stay of execution of the judgment in this case upon the filing of a supersedeas bond in the amount of $172,131.61 with the Clerk of the Court on or before July 1, 2016.

**IT IS SO ORDERED**.

Dated this  23  day of June, 2016, at Kansas City, Kansas.

_____s/John W. Lungstrum_____
John W. Lungstrum
United States District Judge