## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Kari Mathiason,**

**Plaintiff,**

**v.**                                                    **Case No. 15-9914-JWL**

**Aquinas Home Health Care, Inc.,**

**Defendant.**

### MEMORANDUM & ORDER

Plaintiff filed this action alleging that her former employer, Aquinas Home Health Care, Inc. ("Aquinas" or "Defendant"), discriminated against her on the basis of her disability and failed to provide a reasonable accommodation in violation of the Americans with Disabilities Act. Defendant did not answer the complaint within the time allowed by law and stated on the Summons, and default was entered by the Clerk of the District Court on March 2, 2016. On May 16, 2016, the court granted plaintiff's motion for default judgment and entered judgment for plaintiff in the total amount of $172,131.61. This matter is now before the court on defendant's amended motion to set aside default judgment and clerk's entry of default (doc. 18) pursuant to Federal Rule of Civil Procedure 55(c) and 60(b). As will be explained, the motion is denied.[1]

**Factual and Procedural Background**

---

[1] Aquinas filed a motion to set aside the judgment on June 3, 2016 and an amended motion on June 10, 2016, essentially rendering the first motion moot.

In August 2014, prior to the filing of the complaint in this case, plaintiff filed a charge of discrimination with the EEOC and her retained counsel sent a letter to Patrick Hoffman, Aquinas' outside counsel, notifying Mr. Hoffman of the representation.  Mr. Hoffman and plaintiff's counsel had numerous interactions concerning the charge of discrimination and Mr. Hoffman kept his client advised of those interactions by providing copies of all written communications between himself and plaintiff's counsel.  In May 2015, Mr. Hoffman represented Aquinas at a mediation concerning plaintiff's charge of discrimination.  Following a series of emails, Mr. Hoffman advised plaintiff's counsel on June 16, 2015 that if plaintiff proceeded with a lawsuit against Aquinas he did not expect to remain lead counsel based on his belief that Aquinas' insurance would select and provide defense counsel.  He advised plaintiff's counsel that he would continue to represent Aquinas in corporate matters.

Plaintiff filed her complaint against Aquinas on December 16, 2015.  A summons was issued on December 17, 2015 and plaintiff mailed the summons and complaint to defendant's registered agent of record, David Guilfoyle, via certified mail at the address of "9200 Indian Creek Parkway; Overland Park, Kansas 66210."[2]  The mailing was returned to plaintiff marked undeliverable.  Plaintiff's counsel avers that she took additional steps to determine the correct address for David Guilfoyle, ranging from internet searches to calling several registered agent offices at 9200 Indian Creek Parkway, but was unable to obtain an alternate address for Mr. Guilfoyle.  In early January, plaintiff's counsel contacted Mr. Hoffman to inquire whether he

---

[2] This address was listed as the registered office address on the Secretary of State's website under the Business Summary Page.  The actual document filed with the Secretary of State that identified the registered agent and office address was a Certificate of Reinstatement filed in October 1998.  That document lists David Guilfoyle's "corporate registered office" as "Morrison & Hecker L.L.P." at the 9200 Indian Creek Parkway address.

would accept service for Aquinas.  Plaintiff's counsel avers that she spoke with Mr. Hoffman's assistant and explained to the assistant that plaintiff had filed a lawsuit against Aquinas but was having difficulty serving the registered agent.  Plaintiff's counsel further avers that she asked the assistant if Mr. Hoffman's office could provide a correct address for the resident agent. According to plaintiff's counsel, the assistant stated that she would deliver the message to Mr. Hoffman and that she would look into the issue as well and respond to plaintiff's counsel via email.  Plaintiff's counsel avers that she did not receive an email from the assistant[3] but, instead, spoke with Mr. Hoffman by telephone several days later.  The parties dispute whether plaintiff's counsel notified Mr. Hoffman about her difficulties locating Aquinas' registered agent. It is undisputed, however, that plaintiff's counsel asked Mr. Hoffman whether he could accept service for Aquinas and he declined to do so.  On January 19, 2016, plaintiff delivered the summons and complaint to the Secretary of State and the Secretary of State, on January 21, 2016, forwarded those documents via certified mail to defendant's registered agent of record, David Guilfoyle, at the same address utilized by plaintiff.  The certified mailing was similarly returned as undeliverable.

It is uncontroverted that the address utilized by both plaintiff and the Secretary of State for the registered agent did not include any reference to "Morrison & Hecker LLP," a law firm with which Mr. Guilfoyle was apparently affiliated at some point and which no longer exists as an entity.  It is further uncontroverted that plaintiff did not attempt to serve Aquinas at its principal place of business despite knowledge of that address.

---

[3] Aquinas has not provided an affidavit from Mr. Hoffman's assistant or any other evidence contradicting plaintiff's counsel's statements.

**Standard for Setting Aside Default Judgment**

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Because a default judgment has already been entered in this case, it is appropriate to proceed under Rule 60(b).  *See Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (finding it "significant that judgment had not yet been entered" because "it is well established that the good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule] 60.").[4]  Under Rule 60(b), a court may relieve a party from a final judgment for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" or if "the judgment is void."  Fed. R. Civ. P. 60(b)(1) & (4).  In its motion, Aquinas primarily seeks relief under Rule 60(b)(4) on the grounds that the judgment is void for lack of proper service.  In a one-sentence footnote, defendant seeks relief in the alternative pursuant to Rule 60(b)(1) and/or Rule 60(b)(6) on the grounds of "mistake, excusable neglect, and other reasons justifying relief from the judgment."  As explained more fully below, Aquinas has not demonstrated that it is entitled to relief under Rule 60(b).

**Void Judgment Under Rule 60(b)(4)**

---

[4] Aquinas addresses the "good cause" standard "to the extent necessary" to set aside the entry of default in addition to the default judgment.  The court need not address any of defendant's arguments concerning good cause to set aside the entry of default (including whether prejudice would result to the plaintiff and the existence of meritorious defenses) because defendant has not demonstrated that it is entitled to relief from judgment under Rule 60(b).

A "default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *Hukill v. Okla. Native Am. Domestic Violence Coalition*., 542 F.3d 794, 797 (10th Cir. 2008).   Service of process under Federal Rule of Civil Procedure 4 "provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of a party served."  *Id*.  Defendant, then, contends that the default judgment in this case is void because defendant was never properly served.

Rule 4 permits service of a summons and complaint upon a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1) & 4(h)(1)(A).  Rule 4(e)(1), then, permits plaintiff to follow Kansas law for serving summons. Kansas allows service of process on a corporation by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent;
>
> (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
>
> (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

K.S.A. § 60-304(e).  Service of process may be made by return receipt delivery, effected by certified mail.  *Id*. § 60-303(c)(1).  While plaintiff had several statutory alternatives available to her in effecting service upon defendant, the record reflects that she attempted to serve defendant under K.S.A. § 60-304(e)(3) by sending the summons and complaint via certified mail to Aquinas' registered agent of record, David Guilfoyle, at the registered office designated with the Secretary of State (albeit without the "Morrison & Hecker LLP" firm name).  When that mail

was undeliverable, she again utilized K.S.A. § 60-304(e)(3) by sending the summons and complaint to the Secretary of State.  As noted earlier, § 60-304(e)(3) permits service on "any agent authorized . . . by law to receive service of process."  Section 60-304(f), in turn, authorizes the Secretary of State to receive service of process on behalf of a corporation if that corporation fails to maintain a resident agent on whom service may be had or if its resident agent cannot "with reasonable diligence" be found at the registered office in this state.  In pertinent part, K.S.A. § 60-304(f) states:

> Service on the secretary of state of any process, notice or demand must be made by delivering to the secretary of state, by personal service or by return receipt delivery, the original and two copies of the process and two copies of the petition, notice or demand. When any process, notice or demand is served on the secretary of state, the secretary must promptly forward a copy of it by return receipt delivery, addressed to the corporation, limited liability company or limited partnership at its principal office as it appears in the records of the secretary of state, or at the registered or principal office of the corporation, limited liability company or limited partnership in the state of its incorporation or formation.

*Id*.  While § 60-304(e)(3) requires  "mailing a copy [of the summons and petition] to the defendant" if the "statute so requires," the pertinent statute—§ 60-304(f)—does not require a plaintiff to also mail a copy to the defendant when obtaining service through the Secretary of State.  Thus, plaintiff, in compliance with the statute, delivered a copy of the summons and complaint to the Secretary of State, who then forwarded those documents to Aquinas' registered agent via certified mail (again, without the Morrison & Hecker designation).

According to Aquinas, plaintiff's service under § 60-304(f) is not effective because plaintiff did not exercise "reasonable diligence" to find Aquinas' registered agent prior to utilizing the Secretary of State for service and, in any event, the Secretary of State did not effect service on Aquinas.  These arguments are rejected.

6

*Reasonable Diligence*

Defendant contends that plaintiff did not exercise reasonable diligence in her efforts to locate its registered agent.[5]   According to Aquinas, plaintiff utilized an incomplete mailing address in mailing the summons when she failed to include the Morrison & Hecker LLP name on her envelope.   Significantly, however, defendant does not suggest that the summons and complaint would have reached Aquinas if plaintiff had included the Morrison & Hecker name on the envelope.   Indeed, defendant does not dispute that Morrison & Hecker no longer exists and that its successor does not maintain an office at 9200 Indian Creek Parkway.   Defendant also does not dispute that David Guilfoyle, the registered agent, is not affiliated with Morrison & Hecker's successor and does not maintain an office at the 9200 Indian Creek Parkway address.   It is also undisputed that Morrison & Hecker's successor does not maintain an office at the 9200 Indian Creek Parkway address.   In fact, Aquinas does not contend that anyone associated with Aquinas in any way is located at the 9200 Indian Creek Parkway address.[6] Thus, the fact that plaintiff utilized an "incomplete" mailing address had no bearing on whether the summons and complaint reached Aquinas.

---

[5] The statute does not require a plaintiff to exercise "reasonable diligence" in his or her efforts to serve the defendant, but only that a plaintiff exercise "reasonable diligence" in his or her efforts to serve the resident agent. *See* K.S.A. § 60-304(f).  Thus, defendant's general suggestion throughout its submissions that plaintiff failed to exercise reasonable diligence to serve Aquinas by failing to attempt service at its principal place of business misses the mark.

[6] That address corresponds to a 6-story corporate office building with numerous tenants occupying suites within the building.  No suite number was provided by Aquinas in its filings with the Secretary of State.

According to defendant, if plaintiff had picked up on the Morrison & Hecker aspect of the registered agent's address, she "would have identified the successor entity" to Morrison & Hecker LLP as Stinson Leonard Street LLP and would have further realized, through minimal effort, that Stinson Leonard Street was located at 1201 Walnut Street in Kansas City, Missouri. According to defendant, then, plaintiff should have mailed the summons and complaint to Stinson Leonard Street at their Kansas City, Missouri office and then Stinson Leonard Street "would have forwarded notice to Aquinas."   Defendant's argument defies logic in several respects.   To begin, nowhere in Aquinas' argument is there any mention of David Guilfoyle. Despite Aquinas' efforts to suggest that Morrison & Hecker LLP was its registered agent, the documents on file with the Secretary of State undisputedly demonstrate that David Guilfoyle was the registered agent.  In fact, Aquinas expressly identified David Guilfoyle as its registered agent back in 1998 and that designation was not changed until June 27, 2016, when, according to the Secretary of State's website, Aquinas changed both its registered agent and the registered office address.  There is nothing in the record suggesting that Mr. Guilfoyle is affiliated with Stinson Leonard Street and, thus, it is highly likely that any certified mail addressed to Mr. Guilfoyle at Stinson Leonard Street in Kansas City, Missouri would have been returned as undeliverable.  Finally, there is no evidence in the record that Stinson Leonard Street had any affiliation with Aquinas whatsoever and certainly no suggestion that it was authorized to accept service for Aquinas.

Aquinas next contends that plaintiff should have served Aquinas at its principal place of business—an address that was known to her—when the summons and complaint were returned

8

as undeliverable.[7]  Aquinas states that plaintiff's refusal to attempt service at its principal place of business was a violation of its due process rights and renders service invalid.  Defendant directs the court to no case law—and the court has found none—establishing that when a plaintiff fully and in good faith complies with statutory service requirements and a defendant has failed to maintain a registered agent as required by statute, the plaintiff's actual knowledge of an alternative service address mandates service at that address.  The Kansas statutory scheme for accomplishing service of process is reasonably calculated to provide notice of a lawsuit to a defendant.  Plaintiff fully complied with that scheme and obtained service as provided by statute.  The record reflects that plaintiff's counsel made numerous good faith efforts to locate the registered agent and reached out to Acquinas' counsel to inquire about service.  And Aquinas clearly realized that this lawsuit was a distinct possibility—they had been engaged in mediation with the EEOC concerning plaintiff's charge of discrimination and Aquinas' counsel advised that Aquinas would likely obtain new counsel if the charge proceeded to litigation.  In these circumstances, no due process violation occurred.  To the extent that Aquinas now claims that it did not receive notice of the lawsuit, the fault lies exclusively with Aquinas and its failure to monitor its corporate affairs and maintain up-to-date registered agent information.  *Katzson Bros., Inc. v. United States Envtl. Protection Agency,* 839 F.2d 1396, 1400 (10th Cir. 1988) (if a

---

[7] There is no assurance that plaintiff could have accomplished service at Aquinas' principal place of business.  The record reflects that plaintiff attempted to send notice of the default judgment via certified mail to Aquinas' principal place of business, but the letter was returned to plaintiff's counsel because no authorized recipient was available upon delivery.  Defendant's argument, then, that plaintiff could have easily served the summons and complaint at the principal place of business is not persuasive.

"[plaintiff] employs a procedure reasonably calculated to achieve notice, successful achievement is not necessary to satisfy due process requirements").

In support of its lack-of-due-process argument, Aquinas relies on language from this court's opinion in *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559 (D. Kan. 2004). In that case, the court set aside a default judgment on the grounds that the defendant was never properly served. *Id*. at 561. By way of background, the Nebraska Secretary of State in *Howard* changed the defendant's resident agent designation on March 5, 2004 based on a March 1, 2004 form submitted by the defendant. *Id*. at 562. Just one day prior, on March 4, 2004, the plaintiff filed her complaint and the summons was issued to the defendant's registered agent as of that day—March 4, 2004. *See id*. at 561-62. Thus, when the plaintiff mailed the summons to the registered agent on March 5, 2004, she in fact mailed the summons and complaint to the wrong registered agent, not knowing that the designation had changed on that day. *Id*. at 561. When the certified mail was returned as undeliverable, the plaintiff forwarded the summons and complaint to the Secretary of State, who sent the documents, on March 25, 2004, to the same registered agent to whom plaintiff had attempted to send the documents. *Id*. at 561-62. This court held that the attempted service did not comply with K.S.A. § 60-304(f) because the Secretary of State did not mail the summons and complaint to the registered agent, who had been listed as the registered agent since March 5, 2004. *Id*. at 564.

At the end of the court's opinion in *Howard*, the court in dictum made reference to the idea that the plaintiff's lawyer knew how to contact the defendant at another address such that the plaintiff's service through the Secretary of State might have been invalid. *See id*. at 565-66 ("there is authority for the proposition that this consideration alone violated due process and

rendered the service invalid)." It is this language upon which Aquinas relies in support of its argument that plaintiff, to comport with due process, was required to attempt service at Aquinas' principal place of business. A review of the three cases cited by this court in *Howard* to support the due process statement demonstrates that there are no due process concerns here. In *Interior Distributors, Inc. v. Hartland Construction Co*., 449 S.E.2d 193, 195-96 (N.C. Ct. App. 1994), the court held that substituted service on the Secretary of State was ineffective and violated the defendant's due process rights where the plaintiff's counsel had actual knowledge of an address where the defendant could have been served but did not attempt service at that address. The court reached this conclusion based on its belief that the plaintiff "using due diligence should have been able to properly serve process on defendant." *Id*. at 196. That case, however, involved an independent notice requirement under North Carolina law because it involved a claim of lien. *See id*. at 195. It was undisputed in that case that the plaintiff had never served a notice of lien or claim of lien on the defendant as required by statute. In effort to show that the defendant had received the requisite notice, the plaintiff urged that it had served a copy of the summons and complaint on the defendant through the Secretary of State after service upon the registered agent came back undeliverable. *Id*. Under those circumstances, the court held that substitute service was not proper. *Id*. at 195-96.

In the second case cited by the court, *Perkins v. TSG, Inc*., 568 A.2d 665, 666-67 (Pa. Super. Ct. 1990), the court held that the plaintiffs, through their counsel, failed to make a good-faith effort to serve the defendant. The court expressly found that the plaintiffs' counsel "acted in a manner clearly designed to prevent [the defendant] from receiving notice" of the lawsuit. *Id*. at 666. In that case, the plaintiffs' counsel did not utilize a registered agent address or a

known current address for service but instead utilized an address from a product warranty sheet included with the allegedly defective product when it was sold several years earlier. *See id*. The court held that a plaintiff could not resort to substitute service without first making a good faith effort to notify the defendant of the lawsuit. *Id*. at 667. Contrary to the facts in *Perkins*, then, plaintiff's counsel here utilized the registered agent address on file with the Secretary of State and engaged in multiple good faith efforts to notify the defendant about the lawsuit—including contacting Mr. Hoffman and trying to track down David Guilfoyle, the registered agent.

Finally, the court cited to the Tenth Circuit's decision in *Texas Western Financial Corporation v. Edwards*, 797 F.2d 902, 905 (10th Cir. 1986). In that case, the Circuit held that a default judgment against an individual was void under Texas law because service on the Secretary of State was ineffective. In that case, the pertinent Texas statute concerning substitute service on a nonresident natural person required the plaintiff to provide a "statement of the name and address of the home or home office" of the nonresident natural person. The Circuit found it "unnecessary" to reach the defendant's due process argument (that the constitutionality of the substituted service statute rests on an affirmative showing that plaintiff make a diligent inquiry in his best efforts to apprise defendant of the action) because the plaintiff had not shown strict compliance with the statute in any event. Essentially, the plaintiff provided the Secretary of State with the address of the individual defendant's "regular place of business" rather than the address of the individual's "home or home office" as required by the statute. In concluding that the plaintiff's service did not comply with the statute, the Circuit noted that the plaintiff had actual knowledge of the individual's home address (the only address where substituted service could be made under the statute) and knowledge that process mailed to the individual at the

business address provided to the Secretary of State had been returned as unclaimed.  While plaintiff here had actual knowledge of defendant's principal place of business, substituted service under the Kansas statutes does not require service at that address.

Moreover, to the extent that the court had due process concerns in *Howard*, those concerns stemmed from conduct on the part of the plaintiff's counsel evidencing gamesmanship and an effort to manipulate the service rules to prohibit the defendant from receiving notice of the lawsuit.  The address known but unused by the plaintiff's counsel was an address for an individual named Dan Wood—the defendant's vice president and, significantly, the registered agent to whom the plaintiff's counsel had sent (to an "undeliverable" address) the summons and complaint.  In other words, the record in *Howard* reflected that the plaintiff's counsel used one address for Mr. Wood for purposes of attempted service and then turned around and immediately used the correct address for Mr. Wood to deliver news of the default judgment. There is no evidence that plaintiff's counsel here had knowledge of another address for David Guilfoyle but neglected to use that address or any evidence that plaintiff's counsel was attempting to preclude Aquinas from receiving notice of the lawsuit.  Again, plaintiff's counsel contacted Mr. Hoffman—the lawyer who represented Aquinas during plaintiff's EEOC proceedings and who still represents Aquinas on other matters—about service and, obviously, the fact that a lawsuit had been filed.  She made several attempts to locate David Guilfoyle.  And while the statute would have allowed her to obtain service by leaving a copy of the summons and complaint at the principal place of business "with the person having charge thereof," there is no indication in the record who that person might be or whether that person would have been

available for service.  Any due process concerns suggested by the court in *Howard*, then, are not present here.

In short, Aquinas has not demonstrated that plaintiff failed to exercise reasonable diligence to locate its registered agent or that its due process rights were violated when plaintiff, who fully and in good faith complied with statutory service requirements, failed to attempt service at defendant's principal place of business.

*Secretary of State's Service*

Aquinas also contends that, even if plaintiff exercised reasonable diligence in her efforts to locate the registered agent, service was nonetheless not effected through the Secretary of State because the Secretary of State failed to deliver a copy of the summons and complaint to Aquinas' principal place of business.  While Aquinas concedes that delivery to the principal place of business is not required by statute (which clearly authorizes the Secretary of State to forward the documents via certified mail to the registered agent), Aquinas contends that it defies logic to conclude that service was obtained by forwarding the summons and complaint to the same "incomplete" address that plaintiff utilized without success.  According to Aquinas, the Secretary of State must be required to attempt service at the principal place of business when the plaintiff has unsuccessfully attempted service through the registered agent.  In support of this argument, Aquinas again directs the court to *Howard,* suggesting that the court in *Howard* held that service by the Secretary of State was invalid because the Secretary of State had used the same "undeliverable" address that the plaintiff had used unsuccessfully.  The problem in *Howard*, however, was that neither the plaintiff nor the Secretary of State utilized the current

14

registered agent information readily available on the website.   Here, the Secretary of State

forwarded the summons and complaint to the registered agent and office information on file

with the state.  Service, at that point, was complete.  *See* K.S.A. § 60-304(f); *Baker v. Latham*

*Sparrowbush Assocs.*, 72 F.3d 246, 255 (2nd Cir. 1995) (service on Secretary of State was

reasonably calculated to notify defendant of lawsuit and satisfied due process even though

defendant did not timely receive documents from Secretary of Service because corporation

failed to update its filing to reflect its new address).

In sum, the court finds nothing invalid about plaintiff's method of service and, because

service was proper, the judgment is not void.  *See Doran Law Office v. Stonehouse Rentals, Inc.,*

2015 WL 6871330, at *12 (D. Kan. Nov. 9, 2015) (refusing to set aside default judgment and

finding valid service where Secretary of State forwarded summons and complaint to same

"undeliverable" address that plaintiff had utilized; addressed used by both Secretary of State and

plaintiff was the address on file with the Secretary of State).


**Excusable Neglect**

Federal Rule of Civil Procedure 60(b) states that "[o]n motion and just terms, the court

may relieve a party or its legal representative from a final judgment, order, or proceeding for the

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  The party moving

to set aside the default judgment has the burden of pleading and proving excusable neglect.

*Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).   All doubts in this

equitable analysis must be resolved in favor of the moving party.  *Id.*  Factors in determining

whether excusable neglect exists include: (1) the danger of prejudice to the opposing party; (2)

15

the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

As noted earlier, defendant raises the "excusable neglect" argument only in a footnote as an alternative to its service of process argument. The court assumes, then, that Aquinas intends to advance the same arguments that it did in connection with the Rule 60(b)(4) portion of its motion—essentially, that plaintiff should have tried harder to locate Aquinas's registered agent and, at a minimum, should have served Aquinas at its principal place of business. Nothing in defendant's submissions remotely qualifies as excusable neglect within the meaning of Rule 60(b)(1). In fact, Aquinas does not ask to be "excused" from any conduct at all—it insists throughout its submissions that it is "not culpable in this instance."

As the record shows, Aquinas designated David Guilfoyle as the registered agent and the 9200 Indian Creek Parkway address as its registered office since 1998. That information was not changed until June 27, 2016. K.S.A. § 17–6202 requires every corporation to have and maintain in this state a resident agent who "shall have a business office identical with the registered office which is generally open during normal business hours to accept service of process and otherwise perform the functions of a resident agent." A logical extension of this rule is that a corporation that fails to maintain an appropriate registered agent and office and that fails to take steps to ensure that it is notified of claims pending against it is guilty of inexcusable neglect. *See Doran Law Office v. Stonehouse Rentals, Inc.,* 2015 WL 6871330, at *12 (D. Kan. Nov. 9, 2015) (refusing to set aside default judgment where corporation maintained registered office but office was essentially unoccupied; court found corporation's failure to maintain

16

appropriate registered office was inexcusable neglect); *Zimmerling v. Affinity Financial Corp.*, 478 Fed. Appx. 505, 508 (10th Cir. Apr. 25, 2012) (corporations that "dodge" their obligations are open to the possibility of default). Had Aquinas simply kept its registered agent information up-to-date with the Secretary of State, it would have avoided the circumstances in which it now finds itself.

**Rule 60(b)(6)**

Finally, defendant suggests in a footnote that argues that "other reasons" justify setting aside the default judgment under the Rule 60(b)(6) "catch all" provision. Aquinas does not identify any "other reasons" and it is clear that relief is not available under Rule 60(b)(6). Rule 60(b)(6) is referred to as a "grand reservoir of equitable power to do justice in a particular case." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The court has already found that defendant's neglect in this case was inexcusable. As the Supreme Court has explained, Rule 60(b)(6) goes further than 60(b)(1), and "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless" in the matter. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993). As the court has already found that defendant was not faultless, it may not seek relief under subsection (6).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's amended motion to set aside default judgment and clerk's entry of default (doc. 18) is denied and defendant's motion to set aside default judgment and clerk's entry of default (doc. 15) is moot.

**IT IS SO ORDERED**.


Dated this 8th day of July, 2016, at Kansas City, Kansas.


                                     s/ John W. Lungstrum
                                     John W. Lungstrum
                                     United States District Judge